DURHAM HALL v. S. S. PIERSON.

(No. 1884, Op. Book No. 2, p. 518.)

APPEAL from Lamar County.   Opinion by WATTS, J.

§ 1210. *Warranty of land; eviction; damages; suit prematurely brought.* Hall conveyed to Mrs. McGee by general warranty deed, reciting in the deed a consideration of $600, the south one-half of a tract of one hundred and sixty acres of land. Mrs. McGee and her husband afterwards conveyed the same land, and another tract also, by general warranty deed, to appellee Pierson, reciting a consideration of $800. One Anderson brought suit against Hall and Pierson for the entire one hundred and sixty acres, and on the 6th day of November, 1879, judgment was rendered against Pierson, in favor of Anderson, for the eighty acres of land he had purchased from McGee and wife, and in that suit, on his suggestion of good faith, the improvements on the land were valued at $400, and the land at $80. The judgment recited that no writ of restitution should issue, unless the plaintiff Anderson should, within twelve months, deposit with the clerk the $400 for Pierson; and in the event this was not done within the twelve months, then at any time within six months, if Pierson would deposit with the clerk the $80, the title to the land should vest in him. [R. S. 4817, 4818.] On the 1st day of May, 1880, appellee instituted this suit against Hall, on his warranty to Mrs. McGee for $600 and interest, and for attorneys' fees and costs expended by him in defending the suit of Anderson. Appellees recovered judgment for $200, with eight per cent. interest from November 6, 1879. *Held:* The general rule in this state, in suits for the breach of warranty in the sale of lands, is that a judgment of a court of competent jurisdiction, not appealed from, establishing a superior outstanding title, is of itself sufficient evidence of eviction. And generally the measure of damages is the purchase money and interest. But where the suit is

against a remote warrantor, the plaintiff can only recover the amount of purchase money that he paid his immediate vendor, with interest, but never to exceed the amount of purchase money received by the remote warrantor. The judgment, however, in the Anderson suit was so rendered at the instance and upon the suggestion of the appellee for the value of the improvements made in good faith, and by its terms is not an eviction or ouster, and could not be for twelve months, unless the plaintiff therein should deposit with the clerk of the court the $400. And if he failed to do this, then at any time within six months a deposit with the clerk of the $80 would perfect the title to the land in appellee. In that event, no eviction in fact would have occurred. The principle upon which the doctrine of warranty is founded is compensation, and whatever rule may be adopted to determine that compensation should result in reimbursing the party for the actual loss incurred, and it would be a perversion of the doctrine to permit it to be converted into a means of speculation. We can perceive how one or the other of these rules upon the measure of damages might become applicable under the Anderson judgment. To illustrate: If Anderson should, within the twelve months, deposit with the clerk the $400 for appellee, then the eviction is complete, and appellee would be entitled to recover of appellant the amount of purchase money, with interest thereon, that he paid McGee and wife for the land, provided this did not exceed the amount of the purchase money that appellant had received from McGee and wife. But in the event that Anderson failed to make the deposit within the twelve months, and the appellee did deposit the $80 within the next six months, he would be entitled to recover from the appellant the amount of the actual loss to him, expended in perfecting his title, which would be the amount so deposited, and his reasonable expenses in defending the suit of Anderson against him. And again, at the expiration of the twelve months, Anderson having failed to make the deposit for the improve-

ments, the appellant, as he would have the right to do, might pay the $80 and perfect the title in appellee, in which event appellee would be entitled to recover of appellant only his reasonable expenses incurred in defending the Anderson suit. The statement of these propositions shows beyond doubt that this suit was brought at a time and under circumstances rendering it impossible to intelligibly apply, with any degree of justice, either of the three rules stated on the measure of damages. The suit was prematurely brought, before any eviction from the land had occurred under the Anderson judgment, and when no eviction might ever occur.

§ **1211.** *Payment of purchase money; proof of; recitals in deed.* In a suit for damages for breach of warranty of title to land, where the measure of damage relied upon by the plaintiff is the purchase money paid by him, and interest, the burden is upon him to prove the amount of purchase money paid by him for the identical land in regard to which the breach is alleged. A recital in the deed of the amount of the purchase money is *prima facie* evidence that the amount so stated was the true consideration. But where the deed conveyed two tracts of land, reciting the consideration for both tracts in the aggregate, without showing how much was paid for one tract or the other, but only the amount paid for both together, and the suit was for damages for breach of warranty of title as to one only of the tracts, it was held that such recital was not evidence to prove the amount of purchase money paid for that tract, and a judgment upon such testimony would be based upon conjecture, and could not stand.

November 19, 1881.          Reversed and remanded.